UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                Plaintiff,

                                                        DECISION AND ORDER

                                                        13-CR-6036L

                          v.

WILLIAM E. MILLER,

                                Defendant.
_____

       Defendant William E. Miller ("Miller") is charged in an indictment with production and possession of child pornography. This Court referred all pretrial motions to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b). Defendant, among other things, moved to suppress images located on a digital camera located at Miller's residence.

       After receiving legal memoranda and conducting argument, the Magistrate Judge issued a thorough Report and Recommendation (Dkt. #34) recommending that the motion to suppress be denied. Thereafter, after several extensions, defendant filed objections to the Report and Recommendation (Dkt. #38).

       I have reviewed the Magistrate Judge's Report and Recommendation, and the objections. The tape recordings of the arguments before the Magistrate Judge have also been made available to this Court. After review, I see no reason to modify, reject or vacate the Magistrate Judge's Report and Recommendation. I accept it in full and, therefore, defendant's motion to suppress is denied.

       The Magistrate Judge discusses in detail the nature of the original search warrant issued by a Rochester City Court Judge. The warrant was for items unrelated to child pornography, but the description in the warrant was, in part, directed to the search of "photographs and video tapes,"

including "undeveloped rolls of film and disposable cameras." The facts, which do not appear to be contested, are that the officers found the digital camera with a memory card and when they turned it on, they observed images they believed to be child pornography. Rather than search further, the officers took steps to obtain a second search warrant authorizing the search of the camera and the memory card for matters relating to child pornography.

I agree with the Magistrate Judge that the original warrant was sufficiently broad that the officers were reasonable in turning on the camera that they located to determine if there were matters there that came within the ambit of the first warrant. Once they discovered what appeared to be criminal conduct relating to child pornography, the officers ceased searching and obtained a second search warrant. I believe the officers acted reasonably both in viewing the image on the camera, in the first instance, and in obtaining a second search warrant. I do not believe that turning on the camera based on the description in the original warrant violated the directives of that warrant.

I concur with the Magistrate Judge that the plain language of the original search warrant authorized the officers to search for and seize "photographs" wherever they were located on the premises, including whether they were located in the camera.

I also agree with the Magistrate Judge that the searching officers relied on the warrant in good faith. Therefore, under principles announced in *United States v. Leon,* 468 U.S. 897 (1984), the exclusionary rules should not be applied in circumstances where officers relied in good faith on a warrant issued by a judicial officer.

## CONCLUSION

I accept and adopt the Report and Recommendation (Dkt. #34) of United States Magistrate Judge Marian W. Payson. Defendant's motion to suppress tangible evidence (Dkt. #28) is in all respects denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
November 21, 2013.